[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-12285
Non-Argument Calendar

————————————————

D.C. Docket No. 4:17-cr-10004-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN NILSEN CORTEZ GONGORA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(March 30, 2018)

Before MARCUS, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Bryan Nilsen Cortez Gongora ("Cortez-Gongora") appeals his 168-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).  On appeal, Cortez-Gongora argues that his 168-month sentence is substantively unreasonable because he had no prior criminal history, he committed the offense due to financial hardship, and other individuals convicted of similar offenses have received lesser sentences.  After review, we affirm Cortez-Gongora's sentence.

## I.  REASONABLENESS

We review the reasonableness of a sentence under the deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  We first ensure that the district court made no significant procedural error, then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  Id. at 51, 128 S. Ct. at 597; see also United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]  The party challenging the sentence bears the burden to show that the sentence was unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).[2]

---

[1]Cortez-Gongora does not argue that his sentence is procedurally unreasonable.

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense,

Abuse of discretion can be shown when the district court: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper facts." United States v. Osorio-Moreno, 814 F.3d 1282, 1287 (11th Cir. 2016) (quotation marks omitted). We will vacate the sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence the lies outside the range of reasonable sentences dictated by the facts of the case." Id. (quoting Pugh, 515 F.3d at 1191).

## II.  CORTEZ-GONGORA'S SENTENCE

Cortez-Gongora has not shown that his 168-month sentence, at the low end of the advisory guidelines range of 168 to 210 months, was substantively unreasonable in light of the record and the § 3553(a) factors. Cortez-Gongora was the captain of a go-fast boat carrying 516 kilograms of cocaine that the U.S. Navy found in international waters. Once spotted, the crew of the go-fast boat disregarded orders to stop and performed evasive maneuvers while they attempted

---

to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

to jettison the packages of cocaine.  The go-fast boat stopped only after a Navy helicopter fired warning shots.

At sentencing, Cortez-Gongora asked for a downward variance because, inter alia, Gongora had not planned the offense or supplied the drugs, and was merely a poor fisherman who was recruited to act as a drug courier and had accepted the work only because, after a devastating earthquake in Ecuador, he desperately needed the money to support his family.  Cortez-Gongora also contended that a downward variance was necessary to avoid unwarranted sentencing disparities with several other defendants who were recently sentenced to the mandatory minimum 120-month sentence in the Southern District of Florida. Cortez-Gongora provided case numbers and/or names of four defendants and stated that these cases involved larger amounts of cocaine and that two of the defendants had admitted to being boat captains.

The prosecutor argued that a guidelines sentence was appropriate given that Cortez-Gongora was the vessel's captain and that he and his crew had engaged in a high speed chase in which warning shots had to be fired and tried to jettison the cocaine.

When the prosecutor further stated that she was not familiar with the cases Cortez-Gongora cited and felt blindsided, the district court agreed, pointing out that defense counsel had not filed a motion for a downward variance based on

4

these other cases before sentencing.  Defense counsel argued that she could ask for

a variance orally at sentencing, and the district court agreed.  The district court

ultimately denied the motion for a variance, noting:

> [J]ust to say that somebody else got 120 months tells us maybe 1 percent about that case.  It doesn't tell us the other 99 percent about the case, about why a judge decided to sentence below the otherwise applicable guideline range.
>       . . . [W]e can consider it, but it's not - - it doesn't convince me that because of other cases where a judge might have gone below the guidelines, that somehow that I necessarily should follow those decisions, particularly when there are the other 3553 factors to be considered, including the nature and circumstances of this particular offense and several of those factors that the government has pointed out that led to the apprehension of these individuals, as well as the large quantity of drugs involved and the need to promote respect for the law and to provide adequate deterrence.

We agree with the district court that Cortez-Gongora failed to establish that

his 168-month sentence created an unwarranted sentencing disparity.  One of the

factors district courts must consider is the need to avoid unwarranted sentence

disparities "among defendants with similar records who have been found guilty of

similar conduct."  See 18 U.S.C. § 3553(a)(6).  In order to prove that a disparity in

sentences is unwarranted, the defendant must point to similarly situated

defendants.  See United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).

Individuals with different offenses, backgrounds, and criminal histories cannot be

said to be similarly situated.  See United States v. Jayyousi, 657 F.3d 1085, 1118

(11th Cir. 2011).  As the district court pointed out, Cortez-Gongora did not provide

enough information about the other drug defendants or the reasons for their 120-month sentences to show that they were similarly situated to him.  See United States v. Azmat, 805 F.3d 1018, 1048 (11th Cir. 2015) ("One needs to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities.  The underlying facts of the crimes and all of the individual characteristics are relevant.").

In any event, the district court concluded that this alleged disparity was outweighed by other § 3553(a) factors, including the large amount of cocaine involved, the particular circumstances under which Cortez-Gongora was apprehended, and the need for deterrence.  The need to avoid sentencing disparities is only one of several factors the district court considered, and it was entitled to give more weight to other factors in making a sentencing decision.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Cortez-Gongora's other mitigation arguments about his lack of criminal history, his cooperation after arrest, his early admission of guilt, and his financial reasons for participating in the cocaine conspiracy were all also considered by the district court, which concluded that these factors were not sufficient to warrant a downward variance.  Moreover, Cortez-Gongora's 168-month sentence was not only at the low end of the guidelines range, but well below the statutory maximum sentence of life for his offense, both indications of substantive reasonableness.  See

6

United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir.), cert. denied, 137 S. Ct. 254 (2016).  Under the circumstances, we cannot say the district court committed a clear error of judgment in weighing the § 3553(a) factors.  The district court did not abuse its discretion in imposing a 168-month sentence.

**AFFIRMED.**